## GULF, COLORADO AND SANTA FÉ RAILWAY COMPANY *v.* SHANE.

ERROR TO THE UNITED STATES COURT FOR THE INDIAN TERRITORY.

No. 212. Submitted January 29, 1895. — Decided April 1, 1895.

It being settled that by the joint resolution of March 3, 1891, 26 Stat. 1115, the jurisdiction of this court was preserved as to pending cases, and cases wherein the writ of error on appeal should be sued out, or taken before July 1, 1891, the court has jurisdiction of this case, the writ of error having been allowed and sealed June 5, 1891.

Under the act of May 2, 1890, c. 182, providing a temporary government for the Territory of Oklahoma, the provisions of the statutes of Arkansas, that if either party shall desire a panel, the court shall cause the names of 24 competent jurors, written upon separate slips of paper, to be placed in a box to be kept for that purpose, from which the names of 18 shall be drawn and entered on a list in the order in which they are drawn and numbered, and that each party shall be furnished with a copy of that list, from which each may strike the names of three jurors, and return the list so struck to the judge, who shall strike from the original list the names so stricken from the copies, and the first twelve names remaining on the original list shall constitute the jury, are mandatory, and no rule or custom of the court can override them.

THE case is stated in the opinion.

*Mr. A. T. Britton*, *Mr. A. B. Browne*, *Mr. J. W. Terry*, and *Mr. George R. Peck* for plaintiff in error.

*Mr. A. H. Garland* and *Mr. William M. Cravens* for defendant in error.

Mr. Justice White delivered the opinion of the court.

The plaintiff below sued to recover damages alleged to have been caused by the negligence of the defendant. There was a verdict and judgment in his favor for $16,000.

The defendant then brought the case here by error. The writ of error was allowed and sealed on June 5, 1891. It is contended that we are without jurisdiction, because by the act creating the Circuit Courts of Appeals the Court of Appeals for the Eighth Circuit has alone jurisdiction of this controversy. It is settled " that by the joint resolution of March 3, 1891, 26 Stat. 1115, the jurisdiction was preserved as to pending cases and cases wherein the writ of error or appeal should be sued out or taken before July 1, 1891." *Wauton* v. *De Wolf*, 142 U. S. 138, 140; *Mason* v *Pewabic Mining Co.*, 153 U. S. 361.

The assignments of error are many, but we deem it necessary to consider only one of them, namely, that which relates to the method adopted by the court in empanelling the jury. It is thus recited in the bill of exceptions :

" Whereupon, and before the jury was empanelled in this cause, defendant's counsel requested the court to cause a list of eighteen competent and qualified jurors to be made, and to furnish counsel, for both parties, with a copy of such list of eighteen qualified jurors, from which counsel for each party might strike the names of three jurors, and from which said list the twelve jurors to try this cause should be selected, and that the jury to try this cause be selected in accordance with the statutes in such cases made and provided. The court refused to grant this request of defendant's counsel, for the reason that the rule had been established by the court since its organization, that exceptions should be taken to the twelve men that might be called into the box, and to this refusal defendant then and there at the time duly excepted and still excepts."

By the act of Congress entitled " An act to provide a temporary government for the Territory of Oklahoma, to enlarge the jurisdiction of the United States court in the In-

dian Territory, and for other purposes," act of May 2, 1890, c. 182, 26 Stat. 81, it is provided "certain general laws of the State of Arkansas, in force at the close of the session of the General Assembly of that State of 1883, as published in 1884, in the volume known as Mansfield's Digest of the Statutes of Arkansas, which are not locally inapplicable or in conflict with this act or of any law of Congress relating to the subject specially mentioned in this section, are hereby extended over and put in force in the Indian Terrritory until Congress shall otherwise provide; that is to say, the provisions of said general statutes of Arkansas relating to," etc. The act then enumerates certain provisions of the general statutes of Arkansas as found in Mansfield's Digest, including the following: "To jury, chap. 90." The law relating to the question here raised is found in chapter 90 of Mansfield's Digest, sections 4013, 4014, and 4015.

Section 4013 provides that "if either party shall desire a panel, the court shall cause the names of twenty-four competent jurors written upon separate slips of paper to be placed in a box to be kept for that purpose, from which the names of eighteen shall be drawn and entered on a list in the order in which they are drawn and numbered."

Section 4014 enacts: "Each party shall be furnished with a copy of said list, from which each may strike the names of three jurors, and return the list so struck to the judge, who shall strike from the original list the names so stricken from the copies, and the first twelve names remaining on said original list shall constitute the jury."

Section 4015 provides, in substance, that before drawing the list of eighteen provided for in section 4013, "the court shall decide all challenges for cause, which are presented, and, if there are not twenty-four competent jurors, bystanders shall be summoned" "until the requisite number of competent jurors is obtained, from which said list shall be drawn."

Under these sections, then, the parties are entitled, after the challenges for cause have been exhausted, to have a list of eighteen names drawn according to the terms of the statute, upon which list their peremptory challenges are to be made.

The action of the court below was in violation of this statute. It refused to make up the list of eighteen, as requested, and confined the right of peremptory challenge to the twelve jurymen called to be sworn, on the ground that such was the custom or rule of practice of the court. Manifestly, the "rule" or custom of the court could not override the mandatory terms of the statute. That to thus empanel a jury in violation of law, and in such a way as to deprive a party of his right to peremptory challenge, constitutes reversible error is clear. *United States* v. *Shackleford,* 18 How. 588; *Smith* v. *State,* 4 Greene, (Iowa,) 189; *Schumaker* v. *State,* 5 Wisconsin, 324.

This well-established doctrine has been applied to the statute in question by the Circuit Court of Appeals of the Eighth Circuit in four cases, coming from the court whose judgment is under review here, the ruling of the court below there passed on being in all respects like the one here presented. *Railway Co.* v. *James,* 48 Fed. Rep. 148; *Railway Co.* v. *Washington,* 49 Fed. Rep. 347; *Railway Co.* v. *Childs,* 49 Fed. Rep. 358; *Railway Co.* v. *Martin,* 49 Fed. Rep. 359. It is asserted that these decisions are inapplicable, because the request here made was not for a panel under the statute, but this contention is obviously unsound. The request for a list of eighteen as provided for by the statute, upon which to avail of the right to peremptory challenges, was necessarily a request for such a list, made conformably to law. Besides the request, which was refused, asked not only that the list of eighteen be furnished, but "that the jury to try this cause be selected in accordance with the statute in such case made and provided."

> *Reversed and remanded with directions to set aside the verdict and grant a new trial.*