## HARRISON *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ALABAMA.

No. 294.   Argued and submitted May 6, 1896. — Decided May 18, 1896.

A person indicted for robbing a mail-carrier of a registered mail package, and of putting the carrier in jeopardy of his life in effecting it, is entitled under Rev. Stat. § 819 to ten peremptory challenges.

THE case is stated in the opinion.

*Mr. R. B. Kelly* for plaintiff in error. *Mr. John F. Methvin* was on his brief.

*Mr. Assistant Attorney General Dickinson,* for defendants in error, submitted on his brief.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

As stated by counsel for the United States, plaintiff in error was convicted and sentenced to imprisonment for life under an indictment for robbing a mail carrier of the United States of a registered mail package, which charged that in effecting such robbery he put in jeopardy the life of the carrier by the use of dangerous weapons; and was based on the following section of the Revised Statutes:

" SEC. 5472. Any person who shall rob any carrier, agent. or other person intrusted with the mail, of such mail, or any part thereof, shall be punishable by imprisonment at hard labor for not less than five years and not more than ten years; and if convicted a second time of a like offence, or if, in effecting such robbery the first time, the robber shall wound the person having custody of the mail, or put his life in jeopardy by the use of dangerous weapons, such offender shall be punishable by imprisonment at hard labor for the term of his natural life."

In the course of impanelling the jury, plaintiff in error challenged three persons peremptorily, and afterwards challenged one Harris peremptorily, but the court held that he was entitled to only three peremptory challenges, which he had exhausted, and overruled the challenge, to which action of the court an exception was duly taken. Harris was then sworn on the jury and sat as a member thereof on the trial. Four other persons were likewise separately challenged peremptorily, the challenges overruled, exceptions taken, and they served on the jury.

If plaintiff in error was entitled to ten peremptory challenges, five persons unlawfully took part as jurors in his conviction. Section 819 of the Revised Statutes provides:

" When the offence charged is treason or a capital offence,. the defendant shall be entitled to twenty and the United States to five peremptory challenges. On the trial of any other felony, the defendant shall be entitled to ten and the United States to three peremptory challenges; and in all

other cases, civil and criminal, each party shall be entitled to three peremptory challenges ; and in all cases where there are several defendants or several plaintiffs, the parties on each side shall be deemed a single party for the purposes of all challenges under this section.　All challenges, whether to the array or panel, or to individual jurors for cause or favor, shall be tried by the court without the aid of triers."

Counsel concedes that at common law "robbery" was a felony and that the word "rob" in the statute was used in its common law sense, and, therefore, admits that the errors assigned in respect of the action of the court in overruling these challenges are well taken.　We concur in this view.

Other rulings of the court are questioned in the brief of plaintiff in error, but it is quite improbable that they will occur on another trial and we need not pass upon them.

*Judgment reversed and cause remanded with a direction to set aside the verdict and grant a new trial.*