### UNITED STATES v. JOHNSON et al.

First Division.   Juneau.   December 8, 1924.

No. 1771–B.

**1. Post Office ☞48(7½)—Indictment and Information—Robbery.**

An indictment charged the defendants with making an "assault in and upon" the postmaster at Hawk Inlet, Alaska, "and did then and there feloniously rob the said A. E. Cresa of said mail matter * * * by the use of dangerous weapons, to wit, rifles, put in jeopardy the life of A. E. Cresa." *Held*, on demurrer, it charges the defendants jointly with robbery by putting in jeopardy the life of the postmaster by the use of rifles; the indictment charges the crime of robbery in the words of the statute.

**2. Indictment and Information ☞110(52)—Robbery of a Post Office—Definition of "Rob."**

The indictment follows the wording of the statute, and, while the word "rob" is used in the indictment, instead of the words "take, steal, and carry away," it is well settled that the word as used in the statute is used in its common-law sense; that is to say, the word "rob" means a felonious and forcible taking of the property of another from his person or his possession against his will, by violence or putting in fear. The indictment charges a crime.

**3. Indictment and Information ☞71—Words Charging a Crime in the Words of the Statute.**

Where an indictment sets forth the facts in ordinary and concise form, so as to enable a person of ordinary understanding to

know what is intended, and specifically follows the language of the statute on which it is based, it is sufficient.

A. G. Shoup, U. S. Atty., of San Jose, Cal.
Grover C. Winn, of Juneau, for defendants.

REED, District Judge. ·The demurrer to the indictment herein is based on three grounds:

(1) That the acts charged as crimes are not clearly set forth in ordinary concise language, so as to enable a person of ordinary understanding to know· what is intended thereby, as required by chapter 15, C. L.

(2) That more than one crime is charged, or attempted to be charged, in the indictment.

(3) That the facts stated do not constitute a crime.

The charging part of the indictment is as follows:

"That the said Charles Johnson and William Watson, near Hawk Inlet, within the district of Alaska and within the jurisdiction of this court, on the fifth day of November, in the year of our Lord 1924, did unlawfully and feloniously make an assault in and upon A. E. Cresa, he the said A. E. Cresa being then and there the duly acting postmaster at Hawk Inlet, Alaska, and then and there having the lawful charge, control and custody of the mail matter at Hawk Inlet, Alaska, which mail matter constituted a part of the United States mail under the control of the Post Office Department of the .United States; and the said Charles Johnson and William Watson did then and there feloniously rob the said A. E. Cresa of said mail matter, a more particular description of said mail matter being to this grand jury unknown, and therefore not stated, and, in then and there effecting said robbery, did then and there, by the use of dangerous weapons, to wit, rifles, put in jeopardy the life of A. E. Cresa; he, the said A. E. Cresa, being then and there the acting postmaster at Hawk Inlet, as aforesaid, and having then and there lawful charge, control, and custody of said mail matter."

It is clear from the foregoing statement that the charge is brought under section 197 of the Penal Code of the United States (18 USCA § 320) for the robbery of the United States mail, and the language used charges the defendants jointly with robbery by putting in jeopardy the life of the said Cresa by the use of rifles. The averment that the indictment is duplicitous cannot be sustained. The charge, as laid, is a' part of the crime of robbery, which is the offense charged. See Vane v. U. S. (C. C. A.) 254 F. 32–34; Rowan v. U. S. (C. C. A.) 281 F. 137.·

That the indictment does not charge a crime is also untenable. The indictment follows the wording of the statute, and, while the word "rob" is used in the indictment, instead of the words "take, steal, and carry away," it is well settled that the word as used in the statute is used in its common-law sense; that is to say, the word "rob" shows a felonious and forcible taking of the property of another from his person or in his possession against his will, by violence or putting in fear. See Wharton, C. L. § 165; Harrison v. U. S., 163 U. S. 140, 16 S. Ct. 961, 41 L. Ed. 104.

The first ground of the demurrer, that the acts charged as crimes are not clearly set forth in ordinary, concise language, so as to enable a person of ordinary understanding to know what is intended thereby, is overruled, for the reason that the indictment specifically follows the language of the statute on which it is based.

The demurrer, therefore, will be overruled.