Matthias, J.,
 

 dissenting. It is well settled that statutory provisions granting the right of peremptory challenge are imperative and mandatory, and a denial of such right to one on trial for the commission of a crime deprives him of due process of law. Even in a civil case it has been held by the Supreme Court of the United States that to “impanel a jury in violation of law, and in such a way as to deprive a party of his. right to peremptory challenge, constitutes reversible error.”
 
 Gulf, Colorado & Santa Fe Ry. Co.
 
 v.
 
 Shane,
 
 157 U. S., 348, 15 S. Ct., 641, 39 L. Ed., 727.
 

 Measured either by the rule set forth in the case of
 
 Schufflin
 
 v.
 
 State,
 
 20 Ohio St., 233, or by that approved in
 
 Koch
 
 v.
 
 State,
 
 32 Ohio St., 352, the action of the trial court in respect to peremptory challenges was erroneous, for it resulted in a denial of the defendant’s right to peremptorily challenge, granted him by Section 13647, General Code. The refusal of the trial court to permit the peremptory challenge which the defendant
 
 *279
 
 sought to exercise, although he had up to that time used but four of the sixteen allowed him by statute, was the logical result of the rule adopted. This procedure is not approved by the Supreme Court of the United States in the
 
 Pointer case,
 
 151 U. S., 396, 14 S. Ct., 410, 38 L. Ed., 208, as I read that case, for there the defendant was permitted to exercise his full number of peremptory challenges, or rather to strike the names from the list of jurors theretofore found upon examination not subject to challenge for cause, under a rule theretofore announced by the trial court that “the first twelve unchallenged would constitute the jury for the trial of the case.”
 

 Although the trial court may determine the manner of the exercise of the right of peremptory challenge, in the absence of a rule fixed by statute governing the same, yet it is well established that the trial court may not adopt a plan or require a method of procedure which results in depriving the defendant of a right specifically conferred by law. In the
 
 Pointer case, supra,
 
 Mr. Justice Harlan, who rendered the opinion, said:
 

 ‘ ‘ The right to challenge a given number of jurors without showing cause is one of the most important of the rights secured to the accused. * * * He may, if he chooses, peremptorily challenge ‘on his own dislike, without showing any cause;’ he may exercise that right without reason or for no reason, arbitrarily and capriciously. Co. Lit., 156b; 4 Bl. Com., 353;
 
 Lewis
 
 v.
 
 United States,
 
 146 U. S., 376 [13 S. Ct., 136, 36 L. Ed., 1011]. Any system for the impaneling of a jury that pre
 
 *280
 
 vents or embarrasses the full, unrestricted exercise by the accused of that right must be condemned.”
 

 In my opinion, the record discloses that the juror Liles was wholly incompetent to sit as a juror in the trial of this case. It is difficult to understand how one who is so firmly convinced of the guilt of an accused as to make a substantial wager that the accused will be found guilty, and will be executed, can be considered a fair and impartial juror in such case. A finding by the trial court that such juror was an entirely fair and unprejudiced juror, made upon a hearing had after a trial resulting in a verdict of conviction, in accordance with the wager made, is not at all convincing. A statement recently made by Chief Justice Taft, in substance, that a defendant may complain of the lack of due process although the evidence clearly shows him guilty of the offense charged, and that no matter what the evidence is against him he has the right of trial by an impartial tribunal, is quite applicable to this case.
 

 Robinson and Jones, JJ., join in the dissenting opinion.