Larry Donnell ARMWOOD, Appellant,

v.

UNITED STATES, Appellee.

No. 10707.

District of Columbia Court of Appeals.

Submitted Jan. 12, 1977.

Decided May 17, 1977.

---

Warren E. Gorman, Chevy Chase, appointed by this court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Thomas G. Corcoran, Jr., and Iraline G. Barnes, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before KELLY, NEBEKER and MACK, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted in the trial court of possession of phenmetrazine, a dangerous drug, in violation of D.C.Code 1973, § 33–702(a)(4). He questions on appeal (1) whether the procedure used to impanel the jury was proper, and (2) whether the prosecutor should have been allowed to refer to missing witnesses in closing argument absent a prior request for a ruling by the court.[1] We reverse.

Before the exercise of peremptory challenges, counsel were advised by the court that each would have three peremptory challenges and that a pass would count as a challenge.[2] In the first and second rounds of challenges each counsel excused a prospective juror.[3] On the third round, as it

1. Our disposition of this case obviates the need to reach the merits of this latter contention although the point is not without merit. *See Conyers v. United States*, D.C.App., 309 A.2d 309 (1973); *Gass v. United States*, 135 U.S. App.D.C. 11, 416 F.2d 767 (1969).

2. The entire process of selection, conducted at the bench, is reproduced in an Appendix to this opinion.

3. Super.Ct.Cr.R. 24(b), which covers the exercise of peremptory challenges, states that:

All peremptory challenges shall be made at the bench. If the offense charged is punishable by death, each side is entitled to 20 peremptory challenges. If the offense charged is punishable by imprisonment for more than one year, each side is entitled to 10 peremptory challenges. If the offense charged is punishable by imprisonment for not more than one year or by fine or both, each side is entitled to 3 peremptory challenges. If there is more than one defendant, or if a case is prosecuted both by the United States and the District of Columbia, the court may allow additional peremptory challenges and permit them to be exercised separately or jointly, but in no event shall one side be entitled to more peremptory challenges than the other. The prosecution shall be called upon to make the first peremptory challenge with each side proceeding in turn thereafter.

had on the second, the court requested the government to exercise its challenge first. The prosecutor replied that the government was satisfied, whereupon defense counsel exercised his last challenge. The prosecutor was then asked if he had any objection to the juror last seated. He did and, over an attempted objection, the juror was excused.

■■■■ D.C. Code 1973, § 23–105(a) states, in part, that in a criminal trial one side shall not be entitled to more peremptory challenges than the other.[4] In this case, a misdemeanor, each side was entitled to three challenges. The trial court announced that a pass would count as a strike and no objection was raised to this method of exercising challenges. To defense counsel's surprise, however, the court failed to follow its own rules and allowed the government one more challenge than the defense. This was error for if counsel are to be told that a pass constitutes a challenge, and one side passes in one round of its challenges,[5] the court is not at liberty to depart from the procedure it established to allow more challenges to one party than to the other. *Cf. United States v. Sams*, 470 F.2d 751 (5th Cir. 1972); *Spencer v. State*, 20 Md.App. 201, 314 A.2d 727 (1974). In our judgment, to allow the court to change its

established procedure while peremptory challenges are being exercised would violate the spirit of *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 442 (1965), which cautions that the right to exercise one's peremptory challenges shall not be impaired.[6] Accordingly, the judgment of conviction must be reversed and the cause remanded for a new trial.

*So ordered.*

### APPENDIX

THE COURT: Gentlemen, each of you have three challenges. You may exercise them if you choose. You don't have to exercise them. If you pass, that will count as a challenge.

You may start first, Mr. Defense Counsel.

I see no reason on the questions to excuse anyone for cause.

[DEFENSE COUNSEL]: Juror number 5.

THE COURT: Mr. Prosecutor?

[THE PROSECUTOR]: Number 4.

THE COURT: 5 and 4.

THE DEPUTY CLERK: Maria Hall, please return to your seat and Helen Luber. Jurors number 4 and 5 please return to your seats.

---

4. D.C. Code 1973, § 23–105(a) provides:

    In a trial for an offense punishable by death, each side is entitled to twenty peremptory challenges. In a trial for an offense punishable by imprisonment for more than one year, each side IS ENTITLED TO TEN peremptory challenges. In all other criminal cases, each side is entitled to three peremptory challenges. If there is more than one defendant, or if a case is prosecuted both by the United States and by the District of Columbia, the court may allow additional peremptory challenges and permit them to be exercised separately or jointly, but in no event shall one side be entitled to more peremptory challenges than the other. [Emphasis supplied.]

5. The prosecutor's statement that the government was satisfied clearly constitutes a pass.

6. *Swain v. Alabama, supra* at 219, 85 S.Ct. at 835:

    The persistence of peremptories and their extensive use demonstrate the long and widely held belief that peremptory challenge is a

necessary part of trial by jury. See *Lewis v. United States*, 146 U.S. 370, 376, 13 S.Ct. 136, 138, 36 L.Ed. 1011. Although "[t]here is nothing in the Constitution of the United States which requires the Congress [or the States] to grant peremptory challenges," *Stilson v. United States*, 250 U.S. 583, 586, 40 S.Ct. 28, 30, 63 L.Ed. 1154, nonetheless the challenge is "one of the most important of the rights secured to the accused," *Pointer v. United States*, 151 U.S. 396, 408, 14 S.Ct. 410, 414, 38 L.Ed. 208. The denial or impairment of the right is reversible error without a showing of prejudice, *Lewis v. United States*, supra; *Harrison v. United States*, 163 U.S. 140, 16 S.Ct. 961, 41 L.Ed. 104; cf. *Gulf, Colorado & Santa Fe R. Co. v. Shane*, 157 U.S. 348, 15 S.Ct. 641, 39 L.Ed. 727. "[F]or it is, as Blackstone says, an arbitrary and capricious right, and it must be exercised with full freedom, or it fails of its full purpose." *Lewis v. United States*, 146 U.S., at 378, 13 S.Ct., at 139.

Beverly Goode would be juror number 4 and Cora Grannis would be juror number 5.

THE COURT: Mr. Prosecutor, you may start.

[THE PROSECUTOR]: Number 8, Alfred Washington.

[DEFENSE COUNSEL]: Number 9.

THE COURT: Number 9 and number 8.

THE DEPUTY CLERK: Will juror number 8 and juror number 9 please return to your seat.

Thelma Lane, juror number 8. And Joseph Guilfoyle, juror number 9.

THE COURT: Mr. Prosecutor?

[THE PROSECUTOR]: The Government is satisfied.

[DEFENSE COUNSEL]: Juror number 9.

THE DEPUTY CLERK: Juror number 9, Mr. Guilfoyle, will you please return to your seat.

Edwina Johnson, juror number 9.

THE COURT: Call two alternates.

Have you got any objection to number 9?

[THE PROSECUTOR]: I have objection to Edwina Johnson.

THE COURT: All right, excuse her.

THE DEPUTY CLERK: Juror number 9, will you return to your seat.

THE COURT: You had three.

[DEFENSE COUNSEL]: I was under the impression that—

THE COURT: If you passed, it counts as an opportunity to object to these.

THE DEPUTY CLERK: Opal Hunter, juror number. 9.

THE COURT: Call two alternates.

THE DEPUTY CLERK: Jacquelyn Lyons would be alternate number 1 and Alice Wills would be alternate number 2.

THE COURT: You have one challenge if you would like to exercise it to the alternate.

[THE PROSECUTOR]: I'm satisfied.