**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Paul T. HILL (83–5587), Roscoe M. Hill (83–5588), Defendants-Appellants.**

**Nos. 83–5587, 83–5588.**

United States Court of Appeals,
Sixth Circuit.

Argued May 8, 1984.

Decided June 29, 1984.

Rehearing and Rehearing En Banc
Denied Oct. 24, 1984.

James A.H. Bell (argued), Knoxville, Tenn., for Paul T. Hill.

Ralph Harwell (argued), Knoxville, Tenn., for Roscoe M. Hill.

John W. Gill, U.S. Atty., Mike Haynes, Asst. U.S. Atty. (argued), Knoxville, Tenn., for plaintiff-appellee.

Before EDWARDS and CONTIE, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Circuit Judge.

In this appeal, two brothers, Paul and Roscoe Hill, seek reversal of their convictions on drug conspiracy charges after trial in the United States District Court for the Eastern District of Tennessee. Although the appellants argue four separate claims of reversible error, we found our reversal for new trial on only one of the four. We do so without deciding the trial judge's rulings on the other three issues since they are unlikely to recur on the new trial in the same form, if at all.

■ The error which does require new trial in our view is phrased thus by appellants in their first issue: "[Was] the trial court's refusal, during voir dire examination, to question the prospective jurors as requested by the defendants regarding reasonable doubt, [and] the presumption of innocence ... an abuse of discretion [which] deprived the defendants of a fair trial?"

■ Jury instructions concerning the presumption of innocence and proof beyond reasonable doubt are fundamental rights possessed by every citizen charged with a crime in these United States. This circuit has held that a fairly phrased question concerning whether or not a juror could accord such rights to a defendant in a criminal trial must, if requested, be submitted by the trial court as a fundamental part of voir dire. *See United States v. Blount,* 479 F.2d 650, 651 (6th Cir.1973). *See also United States v. Johnson,* 584 F.2d 148, 155 (6th Cir.1978), *cert. denied,*

440 U.S. 918, 99 S.Ct. 1239, 59 L.Ed.2d 469 (1979), and *see generally, Irvin v. Dowd,* 366 U.S. 717, 722, 723, 81 S.Ct. 1639, 1642, 1643, 6 L.Ed.2d 751 (1961).

This court has recently dealt with the requirements for testing the impartiality of prospective jurors and securing a fundamentally fair trial. *See United States v. Blanton,* 719 F.2d 815 (6th Cir.1983) *en banc, cert. denied,* — U.S. —, 104 S.Ct. 1592, 80 L.Ed.2d 125 (1984). In the *Blanton* case, the trial judge conducted the jury voir dire exclusively, as did the judge in the instant case. In the *Blanton* case, the trial judge's voir dire filled 289 pages of the trial record. In our instant case, the record of voir dire is 12 pages long.

The trial judge did give standard instructions on both of these issues during his charge to the jury and no issue is presented as to his charge. It is his failure after request to ask the venire (either individually or collectively) whether they could accord the defendants the presumption of innocence and the requirement of proof of guilt beyond reasonable doubt which is at issue. A negative answer or even a hesitant one from any prospective juror would surely have produced a defense challenge and, if the judge did not excuse the prospective juror, the exercise of a peremptory challenge by defense counsel.

■ The peremptory challenge right is a fundamental part of a criminal trial and its violation requires reversal without a showing of prejudice as is shown below.

In *Swain v. Alabama,* the Supreme Court said:

In contrast to the course in England, where both peremptory challenge and challenge for cause have fallen into disuse, peremptories were and are freely used and relied upon in this country, perhaps because juries here are drawn from a greater cross-section of a heterogeneous society. The *voir dire* in American trials tends to be extensive and probing, operating as a predicate for the exercise of peremptories, and the process of selecting a jury protracted. The persist-

ence of peremptories and their extensive use demonstrate the long and widely held belief that peremptory challenge is a necessary part of trial by jury. See *Lewis v. United States*, 146 U.S. 370, 376 [13 S.Ct. 136, 138, 36 L.Ed. 1011]. Although "[t]here is nothing in the Constitution of the United States which requires the Congress [or the States] to grant peremptory challenges," *Stilson v. United States*, 250 U.S. 583, 586 [40 S.Ct. 28, 30, 63 L.Ed. 1154], nonetheless the challenge is "one of the most important of the rights secured to the accused," *Pointer v. United States*, 151 U.S. 396, 408 [14 S.Ct. 410, 414, 38 L.Ed. 208]. The denial or impairment of the right is reversible error without a showing of prejudice, *Lewis v. United States, supra; Harrison v. United States*, 163 U.S. 140, 16 S.Ct. 961, 41 L.Ed. 104; cf. *Gulf, Colorado & Santa Fe R. Co. v. Shane*, 157 U.S. 348, 15 S.Ct. 641, 39 L.Ed. 727. "For it is, as Blackstone says, an arbitrary and capricious right; and it must be exercised with full freedom, or it fails of its full purpose." *Lewis v. United States, supra*, 146 U.S. at 378, 13 S.Ct. at 139.

The function of the challenge is not only to eliminate extremes of partiality on both sides, but to assure the parties that the jurors before whom they try the case will decide on the basis of the evidence placed before them, and not otherwise. In this way the peremptory satisfies the rule that "to perform its high function in the best way 'justice must satisfy the appearance of justice.'" *In re Murchison*, 349 U.S. 133, 136 [75 S.Ct. 623, 625, 99 L.Ed. 942]. Indeed the very availability of peremptories allows counsel to ascertain the possibility of bias through probing questions on the *voir dire* and facilitates the exercise of challenges for cause by removing the fear of incurring a juror's hostility through examination and challenge for cause. Although historically the incidence of the prosecutor's challenge has differed from that of the accused, the view in this country has been that the system should guarantee "not only freedom from any

bias against the accused, but also from any prejudice against his prosecution. Between him and the state the scales are to be evenly held." *Hayes v. Missouri*, 120 U.S. 68, 70, 7 S.Ct. 350, 351, 30 L.Ed. 578.

*Swain v. Alabama*, 380 U.S. 202, 218–20, 85 S.Ct. 824, 834–36, 13 L.Ed.2d 759 (1965); *see also Irvin v. Dowd*, 366 U.S. 717, 723–24, 81 S.Ct. 1639, 1642–44, 6 L.Ed.2d 751 (1961).

This court has repeatedly followed the doctrine set forth above. In *United States v. Blount*, the court said:

The primary purpose of the voir dire of jurors is to make possible the empanelling of an impartial jury through questions that permit the intelligent exercise of challenges by counsel. Wright, 2 Federal Practice and Procedure ¶ 382 (1969). It follows, then, that a requested question should be asked if an anticipated response would afford the basis for a challenge for cause. *See e.g., United States v. Carter*, 440 F.2d 1132 (6th Cir. 1971); *Brown v. United States*, 119 U.S. App.D.C. 203, 338 F.2d 543 (D.C.Cir. 1964); *United States v. Napoleone*, 349 F.2d 350 (3d Cir.1965). Certainly, a challenge for cause would be sustained if a juror expressed his incapacity to accept the proposition that a defendant is presumed to be innocent despite the fact that he has been accused in an indictment or information. It is equally likely that careful counsel would exercise a peremptory challenge if a juror replied that he could accept this proposition of law on an intellectual level but that it troubled him viscerally because folk wisdom teaches that where there is smoke there must be fire. Accordingly, the failure of the trial judge to ask the question upon request was erroneous and since the failure may have resulted in the denial of an impartial jury, the error cannot be dismissed as harmless. *See Brown v. United States, supra* (Burger, J.).

479 F.2d at 651.

In *United States v. Johnson*, we said:

We have previously noted that the "essential function of voir dire is to allow for the impaneling of a fair and impartial jury through questions which permit the intelligent exercise of challenges by counsel." *United States v. Anderson*, 562 F.2d 394, 398 (6th Cir.1977) (footnote omitted); *United States v. Blount*, 479 F.2d 650, 651 (6th Cir.1973). A trial court commits reversible error if, by unduly restricting voir dire, it substantially impairs the peremptory challenge right. *See Swain v. Alabama*, 380 U.S. 202, 219, 85 S.Ct. 824, 835, 13 L.Ed.2d 759 (1965); *Blount, supra*, 479 F.2d at 651; *United States v. Rucker*, 557 F.2d 1046, 1048–49 (4th Cir.1977).

584 F.2d at 155.

The judgment of the District Court is vacated and the case is remanded for further proceedings consistent with this opinion.