PEOPLE v JUAREZ

Docket No. 89032. Submitted October 16, 1986, at Lansing. Decided
February 18, 1987.

John Juarez was convicted of a charge of conspiracy to deliver
cocaine, following a jury trial in the Genesee Circuit Court,
Robert M. Ransom, J. Defendant received a sentence of from
twelve to twenty years in prison. He appealed to the Court of
Appeals, filed a motion for peremptory reversal, and applied for
leave to appeal to the Supreme Court prior to a decision by the
Court of Appeals. The Supreme Court denied defendant's appli-
cation.

The Court of Appeals *held:*

1. It was not clear from the record whether a juror who had
been excused on a peremptory challenge by the defense had
actually served on the jury which convicted defendant. A
remand is necessary so that the trial court can conduct an
evidentiary hearing to determine whether the excused juror
had, in fact, participated. The participation of the excused
juror, if such should be determined on remand, would be a
violation of defendant's statutory right to exercise peremptory
challenges and would constitute error requiring reversal.

2. Defendant's claim that, based on defense counsel's actions
or inactions, he was denied effective assistance of counsel is
without merit. (1) The short time which defense counsel had
spent preparing for trial was caused by defendant's unsuccess-

REFERENCES

Am Jur 2d, Appeal and Error §§ 555, 556.

Am Jur 2d, Conspiracy §§ 1 *et seq.;* 35.

Am Jur 2d, Criminal Law §§ 206, 748-753, 984-987.

Am Jur 2d, Jury §§ 233 *et seq.*

Burden of proof as to entrapment defense—state cases. 52 ALR4th
775.

Adequacy of defense counsel's representation of criminal client
regarding entrapment defense. 8 ALR4th 1160.

Modern status of rules and standards in state courts as to adequacy
of defense counsel's representation of criminal client. 2 ALR4th
27.

See also the annotations in the Index to Annotations under Appeal
and Error; Conspiracy; Peremptory Challenges.

ful attempt to retain other counsel. (2) Defense counsel had succeeded in excluding from evidence audio tapes relating to the drug transaction between defendant and undercover state police officers. Thus, the fact that defense counsel may not have listened to them is immaterial. (3) Defense counsel's failure to present a defense of withdrawal from the conspiracy does not show incompetence on counsel's part, since withdrawal is not a defense to conspiracy. (4) A defense of entrapment would not have been supported by the facts in this case, and defense counsel's failure to present such defense therefore is of no import. (5) Defense counsel's concession during opening statements that defendant had received from, and returned to, the undercover state police officers $2,400 for the uncompleted illegal drug transaction was not a mistake, but was consistent with a trial strategy contending defendant's innocence.

Motion for peremptory reversal denied and case remanded for an evidentiary hearing.

1. CRIMINAL LAW — JURY — PEREMPTORY CHALLENGES.
   A defendant who is charged with an offense not punishable by death or life imprisonment may at trial challenge five prospective jurors; a failure by the trial court to honor the defendant's statutory right to peremptorily challenge a prospective juror results in error requiring reversal (MCL 768.12; MSA 28.1035).

2. CRIMINAL LAW — ASSISTANCE OF COUNSEL.
   The standard to determine whether a defendant had effective assistance of counsel in a criminal trial is that defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law, and, secondly, counsel must not make a mistake such that there would have been a great likelihood that the defendant would not have been convicted but for the mistake.

3. CRIMINAL LAW — ASSISTANCE OF COUNSEL — APPEAL.
   A motion for a new trial or for an evidentiary hearing is generally a prerequisite for appellate review of a defendant's claim of ineffective assistance of counsel, unless the detail of the deficiency is apparent in the record so as to permit the Court of Appeals to decide the issue; trial counsel is presumed to have provided effective assistance and this presumption can be overcome by the defendant only with a showing of counsel's failure to perform an essential duty which was prejudicial to the defendant.

4. CRIMINAL LAW — CONSPIRACY — DEFENSES — WITHDRAWAL FROM CONSPIRACY.
   The gist of the offense of conspiracy is an unlawful agreement; a

conspiracy is complete upon formation of the agreement and no overt act in furtherance of the conspiracy is necessary; a withdrawal from the conspiracy is not a defense to the charge of conspiracy.

5. CRIMINAL LAW — ENTRAPMENT — OBJECTIVE TEST.

Entrapment is determined under an objective test which requires a trial court to focus its determination not on whether the defendant was predisposed to commit the crime, but, instead, on whether the actions of the police are so reprehensible that the court should refuse, as a matter of public policy, to allow a conviction to stand; the defendant bears the burden of proving entrapment by a preponderance of the evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Divison, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Durant & Durant, P.C.* (by *Richard Durant*), for defendant on appeal.

Before: DANHOF, C.J., and BRONSON and T. GILLESPIE,* JJ.

T. GILLESPIE, J. The defendant, John Juarez, also known as Chino, was convicted by a jury in Genesee County of conspiracy to deliver cocaine, MCL 333.7401(1) and (2)(a)(iv) and 750.157a; MSA 14.15(7401)(1) and (2)(a)(iv) and 28.354(1). He was sentenced by Judge Robert M. Ransom to from twelve to twenty years in prison.

The defendant appeals alleging two grounds for appeal: first, that a juror who had been excused by peremptory challenge may have actually served on the jury; second, that he was deprived of his right to effective assistance of counsel. He has filed a motion for peremptory reversal and also applied to the Supreme Court for leave to appeal prior to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

decision by this Court, which was denied by an order of the Supreme Court on June 30, 1986.

We remand to the circuit court for an evidentiary hearing as to defendant's first issue regarding the possible seating of an excluded juror. In the event that the trial court finds that a dismissed juror did not sit on the case, the conviction is affirmed.

We find the defendant was not deprived of effective assistance of counsel on the second issue raised by the defendant.

The case arose in the City of Flint in early 1985 when Lieutenant Fiedler and Sergeant Winters of the Michigan State Police were working undercover posing as drug dealers. Lieutenant Fiedler, using the alias of John Todd, was incarcerated briefly in the Genesee County jail in 1984 under a pretended charge of conspiracy to deliver cocaine. There he met a guard, Raymond Bridges, whom he solicited to assist in the procurement of cocaine. Bridges called upon a Charles McElroy and introduced the state police officers to McElroy. In January, 1985, McElroy introduced the officers to the defendant who, after some persuasion, took $2,400 from Lieutenant Fiedler with a promise to procure cocaine.

Later in the month of January, Lieutenant Fiedler was informed that the defendant had the cocaine, but when the officers attempted to pick it up, the defendant's mother, Ramona Juarez, gave them a note written by the defendant which stated he was being followed and could not deliver. Some days later Mrs. Juarez gave them a money order for $2,400 with a note saying, "John, this is the twenty-four hundred I owe you, paid in full, John."

In early February, the defendant called Lieutenant Fiedler on the telephone with an explanation that a friend had stolen the cocaine. A few days

later, he again called to renew his offer to find cocaine. He was given a deadline of one day to do so, but never got in touch with Lieutenant Fiedler again and on May 15, 1985, was arrested.

Trial was scheduled September 18, 1985, but was adjourned until October 7 in order to give William Hayes, defendant's retained attorney, an opportunity to review McElroy's statement. Shortly before trial, Hayes attempted to withdraw as counsel claiming that the defendant had dismissed him and was seeking new counsel. On the date of trial, defendant informed Judge Ransom that he had selected a Mr. O'Rourke to represent him. Later in the day, Mr. O'Rourke appeared and told the judge that he had declined to represent the defendant as he did not have time to prepare. Judge Ransom determined that defendant's change of counsel was for the purpose of delaying the trial and ordered that the trial proceed.

On October 7, 1985, jury selection was made with Mr. Hayes representing the defendant, as he was the attorney of record. The defendant registered a strong protest at being represented by Hayes.

The jury record disclosed that Ava Oglesby, juror nine, was excused on a peremptory challenge by the defense. A juror by the name of Pamela Alger was selected as the thirteenth juror. After the guilty verdict was returned, the jurors were polled. The transcript reflects that juror Oglesby answered the poll with a "yes" as the twelfth juror, but that Pamela Alger was not polled by name at all. The defendant argues that this Court is restricted to the trial transcript which reflects that juror Oglesby, who was dismissed, voted on the panel. The prosecution argues that the transcript is in error and that defendant's conviction

should not be reversed because of a typographical error in the trial transcript.

The defendant raises for the first time on appeal the issue of the composition of the jury. At the close of voir dire, defense counsel had expressed satisfaction with the jury as constituted.

Appellate review is foreclosed when an issue is raised for the first time on appeal unless it appears that failure to consider the issue would result in a miscarriage of justice. MCL 769.26; MSA 28.1096; *People v Johnson,* 116 Mich App 452; 323 NW2d 439 (1982).

In our opinion there is no constitutional right to peremptory challenges and if the failure to remove a peremptorily challenged juror does occur such defect would not constitute a violation of the constitution. As Justice White noted in *Swain v Alabama,* 380 US 202, 219; 85 S Ct 824; 13 L Ed 2d 759 (1965):

> Although "[t]here is nothing in the Constitution of the United States which requires the Congress [or the States] to grant peremptory challenges," *Stilson v United States,* 250 US 583, 586 [40 S Ct 28; 63 L Ed 1154 (1919)], nonetheless the challenge is "one of the most important of the rights secured to the accused." *Pointer v United States,* 151 US 396, 408 [14 S Ct 410; 38 L Ed 208 (1894)]. The denial or impairment of the right is reversible error without a showing of prejudice, *Lewis v United States* [146 US 370; 13 S Ct 136; 36 L Ed 1011 (1892)]; *Harrison v United States,* 163 US 140 [16 S Ct 961; 41 L Ed 104 (1896)]; cf., *Gulf, Colorado & Santa Fe R Co v Shane* 157 US 348 [15 S Ct 641; 39 L Ed 727 (1895)]. "For it is, as Blackstone says, an arbitrary and capricious right; and it must be exercised with full freedom or it fails of its full purpose." *Lewis v United States* [146 US 370, 378; 13 S Ct 136; 36 L Ed 1011 (1892)].

However, under MCL 768.12; MSA 28.1035, a

defendant is granted five peremptory challenges in a case not punishable by death or life imprisonment. In *People v Roxborough,* 307 Mich 575, 593-594; 12 NW2d 466 (1943), referring to peremptory challenges, the Supreme Court said, "This right has been granted by law, and may be exercised in any manner deemed expedient, and such action does not violate any of the constitutional rights of an accused."

A failure, however, to honor the statutory right of peremptory challenge is error requiring reversal and of serious import.

We therefore exercise our discretion under MCR 7.216(A)(7) and remand for an evidentiary hearing to determine whether in fact juror Ava Oglesby actually sat on the jury which convicted the defendant or whether Pamela Alger in fact served and was polled. If Pamela Alger actually sat on the jury and answered "yes" when polled, the trial judge should enter an order correcting the record and the verdict as to that issue is affirmed. If the court finds that the court records are correct and that Juror Oglesby served on the jury which tried the defendant, a new trial should be granted.

As to defendant's claim that he was deprived of his right to effective assistance of counsel, we look to the test formulated by the Michigan Supreme Court in *People v Garcia,* 398 Mich 250, 265; 247 NW2d 547 (1976), for claims under the state constitution.

The test is a bifurcated one which first requires that defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law. Second, even though the first test is satisfied, counsel must not make a mistake such that there would have been a great likelihood that the defendant would not have been convicted but for the mistake. *Id.*

Generally, to claim ineffective assistance of counsel, a motion for a new trial or for an evidentiary hearing is a prerequisite for appellate review unless the detail of the deficiency is apparent in the record to permit this Court to decide the issue. *People v Kenneth Johnson,* 144 Mich App 125, 129; 373 NW2d 263 (1985). No such motion or request was filed in this case.

Trial counsel is presumed to have provided effective assistance and this presumption can only be overcome by a showing of counsel's failure to perform an essential duty which was prejudicial to the defendant. The burden of proof is on the defendant. *People v Carr,* 141 Mich App 442; 367 NW2d 407 (1985).

The defendant claims that Hayes was not adequately prepared and did not listen to the tapes underlying the conspiracy charge.

We note that Hayes had represented the defendant through preliminary examination and pretrial and was familiar with defendant's defense. The reason that he had the short time of one night to prepare for trial was that the defendant had not obtained new counsel as he represented he had done. As far as not listening to the tapes, counsel was successful in having the tapes excluded from evidence and they were not therefore prejudicial to the defense.

Defendant next claims that counsel's failure to present the defense of withdrawal was a prima facie showing of incompetence. The gist of the offense of conspiracy is an unlawful agreement. The crime is complete upon formation of the agreement and no overt act in furtherance of the conspiracy is necessary. *People v Moscara,* 140 Mich App 316, 320; 364 NW2d 318 (1985). A withdrawal from a conspiracy is ineffectual. *People v*

*Thomas Hintz,* 69 Mich App 207; 244 NW2d 414 (1976).

The defendant claims that counsel should have raised the defense of entrapment. Entrapment, under Michigan law, is determined by an objective test. *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973). The objective test requires that the focus of the determination is not whether the defendant is predisposed to commit the crime, but whether the actions of the police are so reprehensible that the court should refuse as a matter of public policy, to allow a conviction to stand.

The burden is on the defendant to prove by a preponderance of the evidence that he was entrapped. *People v D'Angelo,* 401 Mich 167, 182-183; 257 NW2d 655 (1977).

The objective test of entrapment does not preclude use of undercover agents. *People v Matthews,* 143 Mich App 45; 371 NW2d 887 (1985).

In this case, there was not such egregious conduct on the part of the police as to constitute entrapment. The police, working undercover, were introduced by a jail guard to McElroy. McElroy was unaware of their true identities and agreed to find cocaine for them. He apparently went to a source he knew, the defendant, and made an agreement to obtain cocaine. The fact that the deal was never consummated was immaterial as a conspiracy had occurred at the point of agreement between McElroy and the defendant and the police did not apply any unusual or wrongful pressure to make the conspiracy occur and supplied only an opportunity.

Such police procedures have been sanctioned by the appellate courts as not being so reprehensible as to constitute abusive law enforcement. *People v Alford,* 405 Mich 570, 589-591; 275 NW2d 484 (1979), *People v Matthews, supra.*

The defendant makes another claim that attorney Hayes committed a serious mistake by conceding defendant's guilt in his opening statement. In the opening statement, Hayes admitted that the defendant received $2,400, which was returned to Lieutenant Fiedler. This Court has said, "where defense counsel in opening statement recognizes and candidly asserts the inevitable, he is often serving his client's interests best by bringing out the damaging information and thus lessening the impact." *People v Wise,* 134 Mich App 82, 98; 351 NW2d 255 (1984).

Attorney Hayes made this admission coupled with an argument that this was done in the course of a plan consistent with the defendant's argument that he was not guilty of the crime charged. We do not find this admission to be a mistake, but to be part of a trial strategy consistent with defendant's testimony.

There were other claims of mistake which we do not find to be necessarily mistake, nor individually or collectively so serious as to have affected the outcome of the trial. We conclude that the defendant was not deprived of effective assistance of counsel.

We deny the defendant's motion for peremptory reversal and remand for an evidentiary hearing on the factual question of juror seating, with instruction to the trial court to enter appropriate orders upon reaching a decision after that hearing. We do not retain jurisdiction.

BRONSON, J., did not participate.