869 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred JOHNSON, a/k/a Arnell Lawrence Isbell, Jr.,
Defendant-Appellant.
 No. 88-1476.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant-appellant Alfred Johnson, a/k/a Arnell Lawrence Isbell, Jr., appeals from his conviction of possessing an unregistered short-barreled shotgun (26 U.S.C. Secs. 5861(d) and 5871), which was not identified by serial number (26 U.S.C. Secs. 5861(i) and 5871), and of being a felon in possession of a firearm (18 U.S.C. Sec. 922(g)(1)). The only issue defendant raises on appeal is whether the District Court abused its discretion by refusing to ask prospective jurors on voir dire if they would be prejudiced by defendant's failure to testify in exercising his Fifth Amendment privilege. We affirm.
 
 
 2
 The District Court conducted the voir dire examination in this case. See Fed.R.Crim.P. 24(a), 18 U.S.C. In the Sixth Circuit, the trial court must honor a defendant's request to voir dire the jury on the "fundamental rights" of presumption of innocence and proof of guilt beyond a reasonable doubt. United States v. Hill, 738 F.2d 152, 153 (6th Cir.1984). See also United States v. Blount, 479 F.2d 650, 651 (6th Cir.1973). Although the court asked the above questions, it refused defendant's request to ask several additional questions regarding his failure to testify:
 
 
 3
 21. Do any of you find fault with the principle of law which says that a person accused of a crime does not have to take the witness stand in a criminal prosecution and that if he does not testify, you may not infer or assume guilt?
 
 
 4
 22. Do any of you think that if a defendant is truly innocent he should take the stand and testify?
 
 
 5
 23. If the Defendant in this case were to testify, would you give him the same credence that you would give to any other witness?
 
 
 6
 55. Do you understand that Arnell Isbell does not even have to testify on his own behalf?
 
 
 7
 Defendant ultimately did not testify, and the court instructed the jury prior to its deliberations that
 
 
 8
 under the law it is the Constitutional right of an accused not to testify and that fact must not be considered by you in any way whatsoever. Further, you may not and cannot permit his decision not to testify to weigh in the slightest degree against him nor may you draw any inference of any kind from that fact. You are not to discuss this during your deliberations.
 
 
 9
 These instructions obviate the failure-to-charge issues which arose in two Supreme Court cases cited by defendant: Bruno v. United States, 308 U.S. 287 (1939); and Griffin v. California, 380 U.S. 609, 615 (1965).
 
 
 10
 Defendant argues that because his right not to testify under the Fifth Amendment is a "fundamental right," the court abused its discretion under Hill by refusing to voir dire the jury on the subject. While this right is "fundamental," it does not automatically follow that the District Court was required to voir dire the jury on this specific right. It is not disputed that the court questioned the prospective jurors on the rights of presumption of innocence and on proof beyond a reasonable doubt. We agree with the District Court that an inquiry on such rights "naturally entails the Defendant's right not to testify." Jt App 41. If a juror accepts the presumption of innocence, he or she must a fortiori accept that a failure to testify is a part of, and does not alter, that presumption. Cf. United States v. Goodwin, 470 F.2d 893, 897 (5th Cir.1972), cert. denied, 411 U.S. 969 (1973). We find no reversible error based on our conclusion that the court's failure to ask the additional requested questions did not impair "testing the impartiality of prospective jurors and securing a fundamentally fair trial." Hill, 738 F.2d at 153. See also Blount, 479 F.2d at 651.
 
 
 11
 The judgment of the District Court is AFFIRMED.