PEOPLE v REZENDES

Docket No. 97612. Submitted September 14, 1987, at Lansing. Decided November 3, 1987.

Joseph A. Rezendes, pursuant to a plea agreement, pled guilty in Grand Traverse Circuit Court, William R. Brown, J., to a charge of attempted delivery of marijuana. One condition of the plea agreement was that defendant reserved the right to appeal the trial court's denial of defendant's motion to dismiss the original charges, three counts of possession with intent to deliver marijuana, on the basis of an entrapment defense. Defendant appealed.

The Court of Appeals *held:*

A defendant bears the burden of proving his defense of entrapment by a preponderance of the evidence, and the decision of a trial court as to an entrapment defense is reviewed under the clearly erroneous standard. Under the facts of this case, the trial court did not clearly err in finding that defendant failed to prove entrapment by a preponderance of the evidence.

Affirmed.

1. CRIMINAL LAW — MOTIONS AND ORDERS — DISMISSAL OF CHARGES — ENTRAPMENT — APPEAL.

A decision of a trial court on a motion to dismiss charges on the basis of an entrapment defense is reviewed under the clearly erroneous standard.

2. CRIMINAL LAW — DEFENSES — ENTRAPMENT — BURDEN OF PROOF.

A defendant bears the burden of proving his defense of entrapment by a preponderance of the evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. Foresman,* Pros-

REFERENCES

Am Jur 2d, Criminal Law §§ 202-209.

Burden of proof as to entrapment defense—state cases. 52 ALR4th 775.

Admissibility of evidence of other offenses in rebuttal of defense of entrapment. 61 ALR3d 293.

ecuting Attorney, and *Thomas C. Johnson,* Assistant Attorney General, for the people.

*John W. Felton,* for defendant on appeal.

Before: M. J. KELLY, P.J., and CYNAR and DOCTOROFF, JJ.

M. J. KELLY, P.J. On July 25, 1986, defendant's guilty plea to attempted delivery of marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c), was accepted. He was subsequently sentenced to one year in the county jail with work release approved. Defendant appeals from his conviction. We affirm.

Defendant's plea was the result of a plea agreement. In exchange for defendant's plea, three counts of possession with intent to deliver marijuana were dropped, and a new count, attempted delivery of marijuana, was substituted. One condition of the plea agreement was that defendant reserved the right to appeal the trial court's decision on defendant's motion to dismiss the charges on the basis of an entrapment defense. This defense was rejected by the trial court the day before defendant's plea was accepted.

In *People v New,* 427 Mich 482, 491; 398 NW2d 358 (1986), the Supreme Court held that

> a defendant, after pleading guilty, may raise on appeal only those defenses and rights which would preclude the state from obtaining a valid conviction against the defendant. Such rights and defenses "reach beyond the factual determination of defendant's guilt and implicate the very authority of the state to bring a defendant to trial . . . ." [*People v White,* 411 Mich 366, 398; 308 NW2d 128 (1981)] (MOODY, J., concurring in part and dissenting in part). In such cases, the state has no legitimate interest in securing a conviction. On the other hand, where the defense or right asserted by

defendant relates solely to the capacity of the state to prove defendant's factual guilt, it is subsumed by defendant's guilty plea.

By quoting Justice MOODY's concurring opinion in *People v White,* the majority in *People v New* has led us to infer that it agrees with that concurring opinion, i.e., that entrapment is a defense not waived by a guilty plea. The majority in *People v New* all but adopts this proposition but does fall short of embracing it outright. We would prefer receiving further guidance from the Supreme Court on this point since the opposite position, reached by the federal courts (that the defense of entrapment is nonjurisdictional and waived by a guilty plea), is more persuasive. See *United States v Sarmiento,* 786 F2d 665 (CA 5, 1986); *United States v Yater,* 756 F2d 1058 (CA 5, 1985), cert den 474 US 901; 106 S Ct 225; 88 L Ed 2d 226 (1985).

However, here, since defendant's plea was conditional upon his reserving his right to appeal the denial of his motion to dismiss the charges premised on his defense of entrapment, defendant is not foreclosed from raising the issue on appeal. *People v Reid,* 420 Mich 326, 331-332; 362 NW2d 655 (1984). The decision in *People v New* does not affect defendant's conditional plea. *People v New, supra* at 495.

Defendant contends the trial court erred in its decision of no entrapment. In Michigan, entrapment is determined by an objective test. *People v Turner,* 390 Mich 7, 22; 210 NW2d 336 (1973). The focus of the test is not whether defendant is predisposed to commit the crime, but whether the actions of the police are so reprehensible that the court should refuse, as a matter of public policy, to allow the conviction to stand. *People v Juarez,* 158 Mich App 66, 74; 404 NW2d 222 (1987).

A decision by a trial court, where the defense of entrapment is raised, is reviewed under the clearly erroneous standard. *People v D'Angelo,* 401 Mich 167, 183; 257 NW2d 655 (1977). Defendant bears the burden of proving his defense of entrapment by a preponderance of the evidence. *Id.*

At the hearing on defendant's motion to dismiss on the basis of entrapment, defendant testified that he was approached by the undercover police officer on at least three occasions prior to the first buy and asked if he had any marijuana for sale. Defendant also testified that on one occasion the officer, regardless of the fact that defendant did not have any marijuana for sale, invited defendant for a drive, during which they both smoked a joint of marijuana that defendant rolled from a quantity of marijuana that the officer had in his possession.

When the officer was examined, he denied seeing or talking with defendant prior to the date of the first purchase. He also denied smoking marijuana with defendant prior to the first purchase. However, both defendant and the officer agreed that defendant acted as a middleman for three purchases of small quantities of marijuana. The way the scenario went was the officer approached defendant across from the local high school or at a local hangout and asked defendant if he had any marijuana to sell. Defendant responded that he did not, but he could make a call to see if any was available. The officer then drove defendant to a phone booth. Defendant called and the officer then drove defendant to a nearby residence. The officer gave defendant money for the purchase, defendant went inside and subsequently came back out with a small quantity of marijuana.

After the first transaction, defendant, the officer and a friend of defendant's smoked one joint to-

gether. Defendant received no further compensation. After the second and third transactions defendant took a small quantity of marijuana (two or three joints), in exchange for being the middleman.

After hearing this testimony, the trial court stated that both defendant's and the officer's version of the events seemed illogical. However, the trial court concluded that defendant had failed to carry his burden of proving his defense of entrapment by a preponderance of the evidence.

Based on the contradictory statements made at the hearing, and also defendant's apparent willing participation, we are not left with a definite and firm conviction that the trial court's decision that defendant failed to prove the defense by a preponderance of the evidence was a mistake.

Affirmed.