**THOMASINA S. BUTLER, a/k/a Barbara Ransom, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 10976.**

District of Columbia Court of Appeals.

Argued Feb. 8, 1977.

Decided Aug. 18, 1977.

Thomas Lumbard, Washington, D.C., appointed by this court, for appellant.

Steven R. Schaars, Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Stanley M. Weinberg, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

---

KERN, Associate Judge:

A jury convicted appellant of unauthorized use of a motor vehicle, D.C.Code 1973, § 22–2204. The court suspended execution of the sentence and placed her on probation for three years. Appellant asserts on appeal that the conviction must be reversed because her statutory right to exercise ten peremptory challenges, D.C.Code 1973, § 23–105(a), was significantly impaired by the trial court's particular method of selecting a jury.[1] Specifically, appellant contends that on the final round of the jury selection process employed by the trial court here, she was denied the use of her tenth peremptory challenge; this is so, she argues, because the trial court refused to allow her counsel to challenge that member of the venire panel replacing the juror struck by the government's tenth and last peremptory challenge.[2]

The conscientious trial judge has clearly and comprehensively set forth the relevant facts and conclusions in a Memorandum Opinion he filed denying appellant's posttrial motion for a new trial based, *inter alia*, on the alleged error in exercising peremptory challenges during the selection of the jury. He first explained his general selection practice:

> After 12 jurors are standing before the jury box, 5 or 6 jurors are called to sit in the front row of spectator seats—left to right in the same order as they appear on the list. Once counsel has been told how the list will be called that procedure is followed in that case without deviation.
>
> A challenge form is given to counsel, the number of challenges explained, including a rule that a pass counts as a

strike. The government proceeds first pursuant to Super.Ct.Crim. Rule 24(b).

> . . .
>
> After the government marks the sheet, it is given to defense counsel to mark. If both strike, the jurors are excused and replacements put on the line. This results in two out and two in. If only one side strikes and the other passes, one replacement is made. . . . *No replacements are made until both sides have taken their turns.* . . . [Emphasis added.]

The court then described the events in the instant case:

> What occurred in this case was that on the tenth and final round, with the twelve prospective jurors standing in the box, the government exercised a challenge, resulting in [Mrs. M. . . ] appearing as the next replacement. *She was not yet, however, a member of the prospective jury against whom a challenge could be exercised due to the court's method of replacement. She would not move into the box until both sides had spoken.* Although defense counsel desired to reject her with his last challenge, she was technically out of striking distance until he either passed, struck [one of the 11 prospective jurors remaining in the box at that moment] or announced satisfied, at which time she would take her place in the box. At that point, however, both sides would have exercised all ten peremptory challenges . . . and [Mrs. M. . . ] would be out of reach. That was what in fact happened here much to the frustration of

---

1. Appellant also contends that a statement made by her to police at the scene of arrest, which was admitted at trial and later found by the trial court to have been taken in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was improperly presented as evidence at trial. The court at that time instructed the jury to disregard the testimony of the arresting officer recounting what appellant had said to him upon arrest, but refused to grant a mistrial. In light of our disposition of the case we need not reach this issue.

2. Super.Ct.Cr.R. 24(b) provides:

   *Peremptory Challenges.* All peremptory challenges shall be made at the bench. . . . If the offense charged is punishable by imprisonment for not more than one year or by fine or both, each side is entitled to [10] peremptory challenges. . . . [I]n no event shall one side be entitled to more peremptory challenges than the other. *The prosecution shall be called upon to make the first peremptory challenge with each side proceeding in turn thereafter.* [Emphasis added.]

defense counsel who knew she was next to be called, that he had one challenge left and that he was powerless to use it against her. . . . [Emphasis added.]

The court went on to reason with respect to the practice he had adopted:

The method simply prevents a party from making an anticipatory strike, or *from most effectively using his last challenge. But the right to exercise the peremptory challenge is not necessarily violated by frustration of an effective use of some of those challenges.* . . . [Mrs. M. . . .] was not a member of the prospective jury until both sides spoke. Until she took her place she could not be removed. The result may have been undesirable from the defendant's point of view, but in the Court's opinion neither the procedure employed, familiar to both sides, nor the make-up of the resulting jury served to deny Ms. Butler any right guaranteed to her by the Constitution, statute or rule of court. [Emphasis added.]

■ We are of opinion that the method used here in jury selection, which the trial court acknowledged with commendable candor prevents "a party from most effectively using his last challenge" and frustrates an "effective use" of a challenge on the final round, is deficient. While we are wholly in accord with the general principle that trial judges have considerable flexibility in the governance of the exercise of peremptory challenges in the jury selection process, *St. Clair v. United States,* 154 U.S. 134, 14 S.Ct. 1002, 38 L.Ed. 936 (1894); *Pointer v. United States,* 151 U.S. 396, 412, 14 S.Ct. 410, 38 L.Ed. 208 (1894), we deem the court's practice here that "[n]o replacements are made

until both sides have taken their turns" to impair, *on the tenth and last round,* the defense exercise of its peremptory challenge. Thus, the defense, as the court recognized, is denied the exercise of its statutory right to *ten* peremptory challenges. D.C.Code 1973, § 23–105(a). Since the Supreme Court has held that "[t]he denial or impairment of the right [to make peremptory challenges] is reversible error without a showing of prejudice," *Swain v. Alabama,* 380 U.S. 202, 219, 85 S.Ct. 824, 835, 13 L.Ed.2d 759 (1965), *citing Harrison v. United States,* 163 U.S. 140, 16 S.Ct. 961, 41 L.Ed. 104 (1896), and *Lewis v. United States,* 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892), we have no alternative but to reverse the conviction.[3]

■ The government reminds us that the Supreme Court has pointed out that the right to a peremptory challenge is not "a right to select, but a right to reject, jurors." *Pointer v. United States, supra,* 151 U.S. at 412, 14 S.Ct. at 416. The government urges that defense counsel could in fact have exercised his final peremptory challenge by striking any of the eleven persons already in the jury box and therefore appellant's *right to reject* was unimpaired. However, the trial court's practice, *viz.,* refusing to allow any juror from the venire into the box to replace a juror struck until each "round" had been completed, denied *on the last round* appellant's "right to reject jurors" and hence violates the statute in this limited situation.[4]

■ We are not persuaded by the government's alternative argument that the failure of the defense attorney to object to the court's practice before the jury selection commenced constituted a waiver of the

3. This court recently reversed a conviction because a trial court may not "change its established procedure while peremptory challenges are being exercised" so as to allow the government one more challenge than it is entitled under D.C.Code 1973, § 23–105(a). *Armwood v. United States,* D.C.App., 373 A.2d 895 (1977). *See Spencer v. State,* 20 Md.App. 201, 314 A.2d 727 (1974).

4. This court in *Taylor v. United States,* D.C. App., 372 A.2d 1009 (1977), rejected the argu-

ment that the defendant's right to a "meaningful exercise" of his peremptory challenges had been denied where the trial court's practice was not to seat 12 jurors in the box while counsel was exercising his strikes. However, unlike the instant case, the court's practice there did not prevent the defense attorney from "reaching" by a strike on the last round a member of the venire identified as a replacement for a juror struck by the government on the last round.

full exercise of his challenge on the tenth and final round; it is unreasonable to assume that counsel, upon hearing the court describe its selection practice, would have recognized that by not objecting, he was waiving his right to exercise fully his tenth peremptory challenge.

We conclude the conviction must be reversed because there was error under the particular circumstances here in the jury selection process.

*So ordered.*