Lawrence R. WILLIAMS, Appellant,

v.

UNITED STATES, Appellee.

No. 87–1058.

District of Columbia Court of Appeals.

Argued Nov. 10, 1988.
Decided Dec. 29, 1988.

Richard S. Greenlee, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, for appellant.

Patricia A. Riley, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and Michael W. Farrell, Helen M. Bollwerk, and L. Bruce Delaplaine, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, and MACK and TERRY, Associate Judges.

TERRY, Associate Judge:

Appellant was convicted of assault, in violation of D.C.Code § 22–504 (1981).[1] On

---

**1.** Appellant was also charged with attempted rape, in violation of D.C.Code §§ 22–103 and 22–2801 (1981), but the court granted a defense motion for judgment of acquittal after the close of the government's case. The evidence showed that the assault was of a sexual nature, but the court concluded that no reasonable juror could find that appellant "intended to rape the complaining witness when he pushed her into the closet" where the assault occurred. Although the government suggests in its brief that this

appeal he contends that the court's jury selection procedure denied him the effective use of his third peremptory challenge because the court required both counsel to strike simultaneously on the third round, rather than requiring the government to go first, as Super.Ct.Crim.R. 24(b) dictates. We agree that the trial court erred, but because the result would have been the same even if the government had gone first on the third round, we hold that the error did not infringe appellant's right to the effective use of his peremptory challenges. We therefore affirm the judgment of conviction.

I

At the outset of the trial, before the *voir dire* began, the court advised counsel of the procedures it would follow in dealing with peremptory challenges. Counsel were told that each of them had three strikes,[2] that they were to strike only from the persons sitting in the jury box, that the government would strike first, and that if the prosecutor and defense counsel struck the same person on the same round, the strike would count only against the government. Most importantly for this appeal, the court said, "A pass is not a strike. If you pass and you still have a strike when the other side strikes, then you may continue to exercise it."[3] During the court's explanation of how the parties were to use their peremptory challenges, defense counsel neither asked questions nor objected.[4] A group of prospective jurors was then sworn for the *voir dire*.

During the *voir dire*, defense counsel asked the members of the venire if any of them had worked for a rape crisis organization within the last five years. Juror No. 922 said that she had been a volunteer at the District of Columbia Rape Crisis Center. At the conclusion of the *voir dire*, twelve persons were seated in the jury box, and the first round of peremptory challenges began.

It appears from the record that the government and appellant simultaneously exercised their option to strike or to pass, despite the court's earlier statement that the government would strike first. Both counsel were given slips of paper on which they wrote the number of the juror, if any, whom they wished to strike during a round. Both then handed the slips of paper to the court at the same time. Consequently, at the time defense counsel filled out her slip for a round, she had no knowledge of what the prosecutor had done or intended to do during that round.

The record does not disclose which jurors were struck by which side, but it is clear that both sides used all three of their challenges in three consecutive rounds. In the first and second rounds, neither the prosecutor nor defense counsel struck the same jurors; therefore, at the start of the third round each side had only one strike left. In the third round, the jurors in seats 4 and 5 were struck, one by the prosecutor and one by defense counsel. Juror No. 922 was placed in seat 4, and another juror (No. 979) took seat 5. That was the end of the

ruling was incorrect, we express no views on the matter.

2. Super.Ct.Crim.R. 24(b) provides in pertinent part:

If the offense charged is punishable by imprisonment for not more than one year or by a fine or both, each side is entitled to three peremptory challenges ... but in no event shall one side be entitled to more peremptory challenges than the other. The prosecution shall be called upon to make the first peremptory challenge with each side proceeding in turn thereafter.

*See also* D.C.Code § 23–105(a) (1981).

3. In an exchange between the prosecutor and the court on this point, the court used an illustration that fits this case perfectly. The prose-

cutor asked what would happen if he used all three challenges and then wanted to strike the person who replaced the last person he struck. After reiterating that each party had only three strikes, the court responded to the prosecutor's question by saying, "That will be too bad." Then, *in a comment apparently directed to defense counsel, the court added, "Same with you."*

4. Counsel's failure to object to the court's jury selection procedure was not a waiver of her right—*i.e.*, appellant's right—to make peremptory challenges without unfair hindrance by the court. *See Wells v. United States*, 515 A.2d 1108, 1111 (D.C.1986).

jury selection process, since each side had used its three peremptory challenges. Appellant now contends that he was denied the effective use of his third peremptory challenge because the parties were striking jurors simultaneously, so that he could not develop a strategy as to which juror to strike on the third round.

## II

■ The right to exclude any prospective juror by means of a peremptory challenge is "one of the most important rights secured to the accused.... Any system for the empanelling of a jury that prevents or embarrasses the full, unrestricted exercise by the accused of that right, must be condemned." *Pointer v. United States*, 151 U.S. 396, 408, 14 S.Ct. 410–414, 38 L.Ed. 208 (1894) (citations omitted). If a defendant can show that some action by the trial court resulted in a denial or impairment of that right, then the conviction must be reversed even without a showing of prejudice. *See Swain v. Alabama*, 380 U.S. 202, 219, 85 S.Ct. 824, 835, 13 L.Ed.2d 759 (1965), *overruled in part on other grounds, Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); *Wells v. United States, supra note 4*, 515 A.2d at 1111.[5]

■ We accept the general proposition that a trial court has considerable flexibility in the way it regulates the use of peremptory challenges. *E.g., Butler v. United States*, 377 A.2d 54, 56 (D.C.1977); *see St. Clair v. United States*, 154 U.S. 134, 147–148, 14 S.Ct. 1002, 1007–1008, 38 L.Ed. 936 (1894); *Pointer v. United States, supra*, 151 U.S. at 412, 14 S.Ct. at 416. Nevertheless, a trial court cannot with impunity disregard an applicable rule—in this instance, Super.Ct.Crim.R. 24(b), which states that "[t]he prosecution shall be called upon to make the first peremptory challenge with each side proceeding *in turn* thereafter" (emphasis added). The plain meaning of the italicized words requires "some pattern of prescribed alterna-

tion." *Taylor v. United States*, 471 A.2d 999, 1004 (D.C.1983). The purpose of this rule is to enable counsel for each side, before making any decision on whether to strike one prospective juror rather than another (or to strike no one at all), to know what decision his or her adversary has made. Maintaining the proper sequence of peremptory challenges—prosecution first, defense second, prosecution third, and so on—is crucial to the effective exercise of a defendant's rights under the rule.

■ Thus it was error for the trial court to insist that the prosecutor and defense counsel make their challenges simultaneously, *i.e.*, without alternation, because it prevented defense counsel from learning which juror the prosecutor had decided to strike before making her own decision. Appellant, relying on *Butler v. United States, supra*, urges us to hold that this error requires reversal of his conviction. We conclude, however, that the court's error was not reversible and that *Butler* is distinguishable.

There is a crucial difference between the peremptory challenge procedures used by the trial court in this case and the procedures which we disapproved in *Butler:* here a pass did not count as a strike, whereas in *Butler* it did. *See* 377 A.2d at 55. When a pass counts as a strike and the court refuses to replace a struck juror until each round is completed, defense counsel's effective use of his or her final peremptory challenge is impaired on the last round. *Id.* at 56. But that is not what happened here.

Because in this case a pass did not count as a strike, either side was free to pass at any time if it so desired. *See Taylor v. United States, supra*, 471 A.2d at 1004. Therefore, if defense counsel had chosen to pass on the third round, one of two things was sure to happen. Either the prosecutor would have passed and the jury selection would have ended, or the prosecutor would have used his third and final challenge to strike a juror, and defense counsel, who

---

5. This is true even though peremptory challenges are not mandated by the Constitution. *See Batson v. Kentucky, supra*, 476 U.S. at 91,

106 S.Ct. at 1720; *Boone v. United States*, 483 A.2d 1135, 1138 (D.C.1984) (en banc).

had preserved her third challenge by passing, could have struck the replacement juror, or any other juror of her choice, during the next round. In either event, defense counsel's ability to affect the makeup of the jury would have been identical to her ability to do so had the prosecutor gone first on the third round.

We know from the record that on the third round Jurors 511 and 707 were struck, although we do not know which was struck by defense counsel and which by the prosecutor. For illustration purposes, however, we will assume that defense counsel used her third peremptory challenge to strike No. 707, which would mean that the prosecutor struck No. 511 on the third round.

If the prosecutor had exercised his peremptory challenge first, defense counsel would have known that Juror 511 was struck but that Juror 707 remained seated. Defense counsel would also have known that Juror 922 had taken the seat of Juror 511. At that point she would have had to decide whether to strike No. 707 or No. 922. If she had then chosen to strike No. 707 with her third peremptory challenge, she would have known that No. 922 would remain on the jury. In no event could defense counsel have kept *both* Juror 707 *and* Juror 922 off the jury; she would have had to decide which of the two she more urgently wanted to exclude.

Under the court's simultaneous striking procedure, had defense counsel decided (as she apparently did) that she most wanted Juror 707 off the jury, she could have struck Juror 707 with her third peremptory challenge. If, on the other hand, she most wanted Juror 922 off the jury, she could have passed on the third round and waited for Juror 922 to enter the jury box after the prosecutor exercised his third strike. Because a pass did not count as a strike, she would have saved her third challenge and could have used it to strike Juror 922 on the fourth round. No matter what she did, however, she could not have kept both Juror 707 and Juror 922 off the jury; rather, she would have had to decide which of the two she more urgently wanted to ex-

clude. Thus, under either the alternating challenge procedure of Rule 24(b) or the simultaneous striking procedure used by the court, defense counsel would be forced to choose between Juror 922 and Juror 707. Because her options would necessarily be the same in either instance, we conclude that appellant was not denied the effective use of his third peremptory challenge.

Although we affirm appellant's convictions because we are satisfied that the trial court's peremptory challenge procedure did not prejudice appellant, we also note our disapproval of that procedure. We emphasize that Rule 24(b) means what it says: "The prosecution shall be called upon to make the first peremptory challenge with each side proceeding in turn thereafter." The court's requirement that both sides make their challenges simultaneously is plainly contrary to the language of the rule. We recognize, of course, that trial judges have broad discretion in the way they regulate the use of peremptory challenges. We are confident that they will remain sensitive to the limitations on that discretion imposed by Rule 24(b).

AFFIRMED.