Ricardo D. CASH, Appellant,

v.

UNITED STATES, Appellee.

No. 87–406.

District of Columbia Court of Appeals.

Submitted Jan. 12, 1989.
Decided Feb. 6, 1989.

Daniel E. Ellenbogen, Kensington, Md., appointed by this court, was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., and Michael W. Farrell, Mary Ellen Abrecht, Michael Lennon and Katherine A. Worthington, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, MACK, Associate Judge, and KERN, Senior Judge.

PER CURIAM:

Appellant Richard D. Cash appeals from his conviction by a jury of one count of possession with intent to distribute cocaine, D.C.Code § 33–541(a)(1) (1988 Repl.), on the ground that the jury selection procedure by the trial judge violated Super.Ct.Crim.R. 24 and deprived him of the effective use of his peremptory challenges where he was unable to distinguish between the regular and alternate jurors. We hold that although the trial judge erred by not differentiating between regular and alternate jurors, appellant has failed to show his effective use of his peremptory challenges was denied; accordingly, we affirm.

## I.

The trial judge announced the procedures in which the jury selection would be made. The jurors would be arranged in the order in which they appeared on the jury form. Each party would be allowed eleven peremptory strikes which could be used to strike a juror from the panel as well as from the jury box. The alternate jurors would be selected at random. Appellant did not object to the procedure. After the court conducted a *voir dire* of the jury panel, the first fourteen jurors appearing on the jury list were seated in the jury box and counsel for each side approached the bench to exercise their peremptory challenges. On the first and only round, the juror in seat number two was challenged and replaced. Thereafter, both the government and defense counsel passed, declining to exercise their remaining ten challenges to the composition of the jury. At the

close of the evidence, the jurors in seat numbers four and eight were randomly selected as the alternate jurors, one by each counsel.[1]

## II.

The government concedes, and we agree, that a violation of Super.Ct.Crim.R. 24[2] occurred since the alternate jurors were not separately designated from the regular jurors. *Wells v. United States*, 515 A.2d 1108, 1111 (D.C.1986). However, we conclude that appellant was not denied the effective use of his peremptory challenges as a result of the rule violation since he deliberately failed to exercise his ten remaining peremptory challenges after the first round.

Peremptory challenges are "viewed as 'one of the most important rights secured to the accused.'" *Wells, supra*, 515 A.2d at 1111 (quoting *Pointer v. United States*, 151 U.S. 396, 408, 14 S.Ct. 410, 414, 38 L.Ed. 208 (1984)). One of the primary goals of peremptory challenges is to assure the trial's impartiality. *Id.* (citations omitted). Although trial judges have discretion in the way that they govern the use of peremptory challenges, *Williams v. United States*, 552 A.2d 510, 512 (1988); *Butler v. United States*, 377 A.2d 54, 56 (D.C.1977), whenever a defendant establishes a violation of Rule 24 and claims impairment of his right to exclude any prospective juror by means of a peremptory challenge, this court must examine whether a "'system for the empanelling of a jury ... prevents or embarrasses the full, unrestricted exercise by the accused of that right....'" *Williams, supra*, at 512 (quoting *Pointer, supra*, 151 U.S. at 408, 14 S.Ct. at 414). If the appellant can establish that the trial judge's violation of Rule 24 frustrated or undermined the "effective use" of peremptory challenges, then he need not demonstrate prejudice to obtain reversal of his conviction. *Id.* (citation omitted); *Wells, supra*, 515 A.2d at 1111.[3]

The mere violation of the Rule 24 procedures does not alone result in the denial of the effective use of the defendant's peremptory challenges; a defendant must establish how the constitution of the jury would have been any different or more preferable had the proper procedures been followed. *Williams, supra*, at 512; *cf. Taylor v. United States*, 471 A.2d 999, 1004 (D.C.1983). Appellant has failed to demonstrate how he would have exercised his peremptory challenges any differently had the trial judge properly designated jurors in seat numbers four and eight as the alternates at the start of the trial. Although we recognize the practical difficulty that the trial judge's peremptory challenge procedure imposed on counsel, where coun-

---

1. At trial the government established that on August 12, 1986 Secret Service Officers searched appellant pursuant to a valid arrest for disorderly conduct, and recovered from appellant's right front pocket a brown suede pouch in which they found 34 packets of white powder, containing 19,195 milligrams of 31 percent cocaine, and 10 packets of yellowish rock containing 555 milligrams of 88 percent cocaine in crack form.

   Appellant denied possessing the drugs for purposes of distribution, claiming that he had no need to sell drugs because he made $8.00 an hour at his job, and explaining that while at the home of his estranged wife, he found the drugs and took them because he did not want the drugs around his son.

2. Super.Ct.Crim.R. 24 provides in pertinent part:

   (b) *Peremptory challenges.* All peremptory challenges shall be made at the bench. * * * If the offense charged is punishable by imprisonment for more than 1 year, each side is entitled to 10 peremptory challenges. * * * The prosecution shall be called upon to make the 1st peremptory challenge with each side proceeding in turn thereafter.

   (c) *Alternate jurors.* The Court may direct that not more than 6 jurors in addition to the regular jury be called and impanelled to sit as alternate jurors. * * * Each side is entitled to 1 peremptory challenge in addition to those otherwise allowed by law if 1 or 2 alternate jurors are to be impanelled.... The additional peremptory challenges may be used against an alternate juror only, and the other peremptory challenges allowed by these Rules may not be used against an alternate juror. Super.Ct.Crim.R. 24(b), (c).

3. "This is so even though peremptory challenges are not mandated by the Constitution." *Williams, supra*, at 512 n. 5 (citing *Batson v. Kentucky*, 476 U.S. 79, 91, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986); *Boone v. United States*, 483 A.2d 1135, 1138 (D.C.1984) (en banc)).

sel was required hypothetically to determine the several jury combinations which could be constituted depending upon which jurors were ultimately selected as alternates, appellant has failed to allege that the constituted jury was not the one that appellant in fact wanted.

■ Appellant was fully aware that each of the fourteen jury box members could potentially be on the panel that decided his case and he had the opportunity to strike any one of them. His failure to do so suggests that, regardless of the ultimate constitution of the jury panel, any combination of the fourteen jurors was acceptable. As *Williams, supra,* made clear, reversals are not ordered simply to ensure formal compliance with Rule 24 but to protect defendant's effective use of his peremptory challenges. Appellant's argument essentially proposes that once a Rule 24 violation is shown the defendant is under no obligation to participate further in the peremptory challenge process. Although a defendant is not required to make an objection to preserve his Rule 24 claim on appeal, *Wells, supra,* 515 A.2d at 1111, defendant must, in order to succeed on the ground that he was denied effective use of peremptory challenges as a result of a Rule 24 violation, exercise his strikes at trial so as to be able to demonstrate on appeal how their use was ineffective. It would be anomalous to afford relief to a defendant who cites a Rule 24 violation and claims on appeal that he was denied the effective use of his peremptory challenges when the record indicates that at the time of trial he was perfectly content with the composition of the jury. *Cf. Johnson v. United States,* 387 A.2d 1084, 1086–87 (D.C.1978) (en banc).

AFFIRMED.[4]

---

**4.** Appellant's contention that the trial judge abused his discretion in admitting expert testimony on the sale and packaging of drugs is frivolous. *Hinnant v. United States,* 520 A.2d 292 (D.C.1987).